133 So.2d 776 (1961)
C. Edward MEEHAN, Sr., the natural father of James Meehan, Deceased, a minor, Appellant,
v.
C. Edward MEEHAN, III, James P. Haley and A.J. Ritchie, Appellees.
No. 2489.
District Court of Appeal of Florida. Second District.
November 1, 1961.
*777 Joe C. Elliott, of Minnet, Allsworth, Doumar, Schuler & Elliott, Fort Lauderdale, for appellant.
Fred C. Davant, of Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellees.
SHANNON, Chief Judge.
Appellant, plaintiff below, seeks reversal of a summary final judgment entered in favor of appellees, defendants below, in a wrongful death action, brought under Sec. 768.03, Fla. Stat., F.S.A.
This appeal involves litigation between a father and his son, in which the plaintiff-father sued the son, a minor, and others, for the wrongful death of another minor son. The specific act of negligence was that the defendant, C. Edward Meehan, III, negligently failed to inform or otherwise instruct the said minor decedent, a son of plaintiff, of the defective condition of the electrical buffing machine, which the said C. Edward Meehan, III, requested the decedent, James Meehan, to use; that he failed to disclose to the said minor, James Meehan, that the said C. Edward Meehan, III, had suffered an electric shock from the defective electrical wiring (power cord) of the said electric buffing machine, on one or more occasions. James Meehan was electrocuted while using the aforementioned machine.
The answer of defendants sets out, among other things, that C. Edward Meehan, Sr., plaintiff, is the natural father, not only of the decedent, James Meehan, but also of the defendant, C. Edward Meehan, III, who was a minor unemancipated child at the time of the occurrence. Following a pre-trial conference on defendants' motion, a summary judgment was entered against the plaintiff. On this appeal the plaintiff has set out two points: 1) Whether or not a rule of law exists which bars an action by a parent against a minor unemancipated child for a negligent tort; and 2) Whether or not the evidence for the plaintiff establishes that the defendant, C. Edward Meehan, III, was an emancipated minor child.
On the first question, neither of the parties has cited us a Florida case. The plaintiff, in his brief, advises us that prior to 1891 there were only three cases that dealt with the issue of whether or not a tort action could be maintained between parent and child. In one of those cases, Hewellette v. George, 1891, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682, it was held a suit would not lie and the decision was grounded on public policy. The plaintiff's view of the entire situation is that it is not a matter of common law and hence Florida could rule in favor of liability without doing an injury to the common law. But, as we see it, the question involved here is one of public policy and should be decided on that ground. The view of the majority of states is that a parent or his representative cannot maintain an action in tort against an unemancipated minor child, and the reason advanced for such rule is the necessity for the encouragement of family unity and the maintenance of family discipline.
*778 The general rule is laid down in 67 C.J.S. Parent and Child § 61, pp. 785, 786, under Parent and Child, where it is stated:
"While there is some authority to the contrary, according to the rule usually recognized a parent may not maintain an action against his or her unemancipated minor child to recover for personal injuries caused by the negligence of such child. * * *"
The general rule is also discussed in 60 A.L.R.2d 1284, the author saying at p. 1286:
"Although there is authority to the contrary, the view accepted by the overwhelming majority of the courts is that a parent or his representative may not maintain an action in tort against an unemancipated child, at least in the absence of a statute otherwise giving such right."
In 5, Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 2885, p. 13, it is stated:
"The converse of the rule laid down in the preceding section is also true; that is, that in the absence of statute a parent ordinarily may not sue an unemancipated child for damages caused by the negligence of the child, * *"
The plaintiff cites and quotes from the case of Dunlap v. Dunlap, 1930, 84 N.H. 352, 150 A. 905, 70 A.L.R. 1055, but the Dunlap case is from a state that allows suits such as this and is in a decided minority. In addition to the Dunlap case there are various other cases which could be cited to support the plaintiff's contention, but we believe that on this question of public policy the law of Florida should be that of the majority of the states.
On the second question, the emancipation of a minor child in Florida was unknown to the common law and hence, it is controlled by statute. See Chapter 62, Fla. Stat. § 62.23, F.S.A., provides:
"The judges of the several circuit courts of this state sitting in chancery shall have full power and authority, either in term time or in vacation at chambers, to remove the disabilities of nonage of all minors, male or female, over the age of eighteen years, residing in this state, upon a petition filed by the guardian, and in the event of there being no natural or legal guardian, then by the next friend of such minor in any of the circuits of this state."
The question of the emancipation of a minor child has been determined by the Supreme Court of Florida in several decisions. In Beekman v. Beekman, 1907, 53 Fla. 858, 43 So. 923, 924, the court stated:
"* * * Under the laws of Florida the domicile of the father is the domicile of his minor children, and such minors are incapable in Florida of making choice of a domicile here independently of the domicile of their father, and such disability continues here with all minors, be they male or female, until they arrive at the age of 21 years. * * *"
In the case of Riley v. Holmer, 1930, 100 Fla. 938, 131 So. 330, 331, the court said:
"Under our law, both males and females are minors till they reach the age of twenty-one years. Beekman v. Beekman, 53 Fla. 858, 43 So. 923. This was the common-law rule. To what extent the disability of minority may be removed depends on statutory and constitutional provisions. 31 C.J. 986. It is competent for the Legislature to regulate the age of minority or majority, and it may prescribe a different age for the two sexes. * * *"
*779 In the instant case, the burden of showing emancipation was upon the plaintiff father. Statutory emancipation was not alleged and the record is devoid of any showing of a complete severance of the filial tie. 67 C.J.S. Parent and Child § 61a; Parker v. Parker, 1956, 230 S.C. 28, 94 S.E.2d 12, 60 A.L.R.2d 1280; Cafaro v. Cafaro, 1937, 118 N.J.L. 123, 191 A. 472; Turner v. Carter, 1936, 169 Tenn. 553, 89 S.W.2d 751.
Affirmed.
KANNER and SMITH, JJ., concur.