JOHNSON, Chief Judge.
This is an appeal from an order entering a final summary judgment in favor of the defendant-appellee, in an action for damages in an automobile accident in which the plaintiff was injured.
The plaintiff and defendant are father and son. At the time of the alleged acci *166 dent, the plaintiff was 19 years of age and had not had his disability of non-age removed by law pursuant to Chapter 62, F.S.
On the date of the accident and prior thereto, according to the affidavits of both parties, the father and son and some other men were each members of a car pool, wherein each of the members of the car pool reciprocated in the transportation to and from work, either by paying cash or furnishing transportation. According to the affidavit of the defendant, the plaintiff, Johnny Owen, was a member of the pool and “was to drive his car when he got it,” and that he owed members of the pool some rides and that he did ride to and from work in the vehicles in the car pool.
A further significant statement in defendant’s affidavit was that on the date of the accident and at all times subsequent thereto, the said Johnny Owen “has been his own boss and spent his money like he wanted to.” Also that he paid his own way at the house — the home of the defendant with whom the plaintiff Johnny Owen lived.
The affidavit of Johnny Owen substantially supported this same set of facts.
Upon motion for summary judgment on the ground that the pleadings and attached affidavit (the affidavit of the defendant) showed there was no genuine issue as to any material fact, the court granted the motion and pointed out that in his opinion there had been no statutory emancipation of the plaintiff (under Chapter 62, F.S.) and that there had not been a complete severance of the filial tie and that the plaintiff was an unemancipated minor and could not maintain this action.
We have reviewed the record, affidavits and briefs and are of the opinion, and so hold, that the court erred in granting the summary judgment.
We agree, and there is no contrary contention, that there has not been a statutory emancipation of the plaintiff pursuant to Chapter 62, Florida Statutes, but a careful study of the language of the affidavit of the defendant to the effect that the plaintiff was his “own boss” and spent his money like he wanted to including paying his own way at the house, coupled with the further statement that the plaintiff paid his way in the car pool and otherwise obligated himself equally with the other members of the pool, raises a question of fact which we think should have been determined by the jury — whether emancipation did in fact exist to such an extent as to permit the suit in question. We have read Meehan v. Meehan, 133 So.2d 776 (Fla.App.2d, 1961), Fla.Jur. 24 — Parent and Child, and some cases cited in A.L.R. We believe, however, that the question raised here is well answered in Jackson v. Citizen’s Bank & Trust Co., 53 Fla. 265, 44 So. 516 (1907) head note 13 wherein it was held that the evidence was sufficient to warrant the submission to the jury of the question of emancipation of the minor son.
We therefore reverse the final summary judgment with directions to the lower court to proceed with the jury trial as prayed.
WIGGINTON and SPECTOR, JJ., concur.