237 So.2d 142 (1970)
Margaret L. OREFICE, As Administratrix of the Estate of Michael Betz, a Minor, Deceased, and Bonnie Betz, Individually and As Parent and Next Friend of Michael Betz, a Minor, Deceased, Petitioners,
v.
John W. ALBERT, Respondent.
No. 39037.
Supreme Court of Florida.
July 1, 1970.
Rehearing Denied July 29, 1970.
Mallory H. Horton, of Horton & Schwartz, and Wheeler & Evans, Miami, for petitioners.
*143 Dixon, Bradford, Williams, McKay & Kimbrell, and A.H. Toothman, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Orefice v. Albert, 226 So.2d 15), which allegedly conflicts with prior decisions of this Court and District Courts of Appeal.
These two cases arose when decedent Michael Betz, a minor, was killed in an airplane crash. The pilot of the airplane was Orlo Betz, father of Michael, and co-owner of the airplane with respondent Albert. The negligence of Orlo Betz and the nonexistence of active negligence by Albert are conceded. Petitioner Orefice is the Administratrix of the estate of Michael Betz. Petitioner Bonnie Betz is the mother of decedent Michael Betz, and the lawful wife of decedent Orlo Betz; she sued respondent for wrongful death individually and as parent and next friend of Michael Betz.
The complaints in the trial court contended that respondent Albert, as co-owner of the airplane with Michael Betz, was vicariously liable in tort for the death of Michael Betz. The trial court entered a summary final judgment in respondent's favor in both these cases, concluding as law that an airplane is not a dangerous instrumentality, and also that a co-owner of an airplane who himself is innocent of active negligence is not vicariously liable for the negligent operation of the plane by another co-owner. In the mother's suit, the trial court entered summary final judgment for respondent, concluding that the surviving parent was not entitled to recover because at the time of death the child was in the custody and control of the father with knowledge and consent of the mother.
The judgments of the trial court were appealed to the District Court of Appeal, Third District, which affirmed the judgments in both suits. Orefice v. Albert, 226 So.2d 15 (Fla.App.3d, 1969).
This Court issued writ of certiorari pursuant to F.A.R. 2.1, subd. a(5) (b), 32 F.S.A. and assumed jurisdiction to examine and resolve apparent conflicts with appellate decisions by this Court and other District Courts of Appeal. Shattuck v. Mullen, 115 So.2d 597 (Fla.App.2d, 1959); May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla. 1955); Hertz Corp. v. Dixon, 193 So.2d 176 (Fla.App.1st, 1966); and Ward v. Baskin, 94 So.2d 859 (Fla. 1957).
Three questions must be answered. These are:
Whether an airplane is a dangerous instrumentality under Florida law?
Whether a parent may sue in her own right against the non-negligent co-owner of a dangerous instrumentality for a tort against her child caused by the negligence of the other parent who is also a co-owner?
Whether suit may be maintained against the non-negligent co-owner on behalf of a child whose death resulted from negligence of his parent who also was co-owner of the dangerous instrumentality?
This Court previously stated by dictum that in Florida an airplane is a dangerous instrumentality. In Williams v. Surf Properties, 88 So.2d 299 (Fla. 1956), where it was held that a lawn chair is not a dangerous instrumentality, this Court said:
"Dangerous instrumentalities have been defined as those which by nature are reasonably certain to place life and limb in peril when negligently constructed, such as airplanes, automobiles, guns and the like." (p. 301)
District Courts of Appeal, Second and Third Districts, in the case sub judice and in Shattuck v. Mullen, supra, have held that an airplane is a dangerous instrumentality. *144 This is a correct statement of the law.
The co-owner's liability to a non-owner third person grows out of his obligation to have an airplane, dangerous in its use, properly operated when it is by his consent or authority being operated. He is liable only if the operator was negligent under the circumstances. See 3 Fla.Jur., Automobiles, etc., § 90.
The liability of owners of motor vehicles for their misuse by other persons while driving was initially delineated in the leading cases of Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917) and Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920). In both cases, this Court stated that:
"The principles of the common law do not permit the owner of an instrumentality that is not dangerous per se, but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle * * * properly operated when it is by his authority on the public highway." (73 Fla. at 441, 74 So. at 978, 80 Fla. at 448-449, 86 So. at 632)
In the Anderson case, it was noted that the legal concept of dangerous instrumentalities originally included fire, floods, water and poisons, then was expanded to include firearms and explosives, then later was expanded again to include locomotives and other vehicles. Additional grounds of liability were noted, when this Court called attention to the fact that enactment of statutes regarding vehicle registration, condition, minimum ages for operators, and other requirements, evinced a legislative awareness of the inherent dangerousness of motor vehicles while in use. The doctrine of respondeat superior was evolved in these and later cases, grounded on the theory that since a vehicle must be licensed to its owner, the owner must stand responsible for injuries resulting from misuse while the vehicle is operated with the owner's knowledge or express or implied consent.
In Atlantic Food Supply Co. v. Massey, 152 Fla. 43, 10 So.2d 718 (1942), this Court stated:
"`Under the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts. Southern Cotton Seed Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Herr v. Butler, 101 Fla. 1125, 132 So. 815; Engleman v. Traeger, 102 Fla. 756, 136 So. 527; Greene v. Miller, 102 Fla. 767, 136 So. 532; City Grocery Co. v. Cothron, 117 Fla. 322, 157 So. 891.'" (10 So.2d 720) (Boggs et al. v. Butler, 129 Fla. 324, 176 So. 174, 176)
Also, see Anderson v. Southern Cotton Oil Co., supra.
In Weber v. Porco, 100 So.2d 146 (Fla. 1958), this Court clarified the nature of the respondeat superior relation in dangerous instrumentality cases, stating:
"When one permits another to operate his automobile under his license, he becomes as a matter of law the principal and the driver becomes his agent for the purpose." (p. 149) (Emphasis supplied)
The meaning of implied consent, as evolved in our case law, was examined by this Court in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (1959), and defined as follows:
"[T]he logical rule, and, we think, the prevailing rationale of the cases, is that when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse." (pp. 835, 836)
*145 Accord, Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla. 1969).
In the case sub judice, the dangerous instrumentality involved was an airplane, and not an automobile. In view of the fact that an airplane, like an automobile, is a dangerous instrumentality when in operation, and in view of the fact that Ch. 330, F.S.A., reflects a specific policy by the State of Florida to license and otherwise see after aircraft safety, we conclude that the rules of law enunciated to govern owners' liability for automobiles when in operation also govern the liability of owners of airplanes while in operation.
The second question to decide is whether a mother may, in her own right, sue for the death of her son against a co-owner not directly negligent, where the death was caused by the negligence of her husband, the boy's father, also a co-owner, where the minor child was in the father's custody and control with the mother's knowledge and consent. The District Court of Appeal concluded suit could not be maintained.
In Ward v. Baskin, supra, we held that a father could sue in his own right for injury to his daughter, caused by the negligent actions of the child's mother, the wife, and that a negligent defendant could not impute to the husband suing in his own right the contributory negligence of the mother. No negligence of the father, or acquiescence in unsafe conduct, was attributable to the father-plaintiff, which distinguishes the holding from our decision in Klepper v. Breslin, 83 So.2d 587 (Fla. 1955), in which the father-plaintiff sued for the death of his child resulting from the negligent operation of an automobile, by the driver defendant. It was held that negligence of the mother would be attributable to the father if the father had or should have had knowledge of it.
In Martinez v. Rodriquez, 215 So.2d 305 (Fla. 1968), the test of nonliability was further refined. In that case, a father sued for the drowning death of his daughter in a swimming pool at the apartment house where the family lived. Although the father was absent, and neither knew nor should have known of his wife's contributory negligence, her negligence in the daughter's death would nevertheless be imputed to him where she and her husband were engaged in a common enterprise or she was acting as his agent. The Court did not decide the extent to which one spouse may as a matter of law or fact become the agent of the other spouse in caring for their child.
In the case sub judice, the District Court of Appeal relied on Martinez v. Rodriquez, supra, and correctly concluded as one of its holdings that the mother's action in entrusting custody and control of her son to the child's father was a sufficient community of interest to permit the father's negligence to be imputed to her, barring suit by the mother as surviving parent.
The third question is whether one co-owner of an airplane not personally negligent may be liable in damages for harm caused by negligence of the other co-owner when the action for damages results from the death of the second co-owner's son while in custody of the second co-owner of the dangerous instrumentality.
It is established policy, evidenced by many decisions, that suits will not be allowed in this state among members of a family unit for tort. Spouses may not sue each other, nor children their parents. The purpose of this policy is to protect family harmony and resources. It does not appear that the public policy which protects members of a family from suit for negligent injury to other members of the family should protect from suit persons otherwise liable. Thus, the estate or survivor of Michael Betz would be barred from bringing suit against the estate of his negligent father.
In May v. Palm Beach Chemical Co., supra, we held that although public policy *146 forbids tort suits between spouses, suit is not barred by a plaintiff wife injured by her negligent husband who was driving for personal use an automobile loaned by his employer and used with the employer's permission. Suit by the wife against the employer-owner was allowed. This Court refused to impute the negligence of the husband to the passenger-wife. In Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183 (1905), this Court refused to impute to a child injured while playing in the street the contributory negligence of his parents who allowed him to play there without supervision. Accord, Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 So. 318 (1907). It has also been held that the negligence of an automobile operator may not be imputed to a passenger, who has no authority or control over the machine or the driver. Porter v. Jacksonville Electric Co., 64 Fla. 409, 60 So. 188 (1912).
In applying our law to the case sub judice, we conclude that the estate and survivor of the minor Michael Betz appear to have a cause of action for negligence; that the negligence of the father, who was pilot and co-owner, may not be imputed to the passenger son; that although suit is barred against the father because of the family relationship it is not barred against the co-owner of the dangerous instrumentality; and that liability if found springs from ownership of a dangerous instrumentality.
The decision of the District Court of Appeal is sustained insofar as it holds that an airplane is a dangerous instrumentality in Florida, and bars suit by the mother of Michael Betz in her own behalf; the decision is quashed insofar as it bars suit by the survivor or administratrix of decedent Michael Betz. This cause is remanded to the District Court of Appeal to be further remanded to the trial court for further proceedings consistent with this opinion.
It is so ordered.
THORNAL and BOYD, JJ., and SPECTOR, District Court Judge, concur.
DREW, Acting C.J., dissents with Opinion.
DREW, Acting Chief Justice (dissenting):
I would discharge writ.