258 So.2d 840 (1972)
Zirick WEBB, a Minor, by His Guardian Ad Litem, Ida Tanner, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, and Robert Webb, Appellees.
Zirick WEBB, a Minor, by His Guardian Ad Litem, Ida Tanner, Appellant,
v.
EDISON TIRE AND SUPPLY COMPANY, a Florida Corporation, and the Continental Insurance Company, Appellees.
Nos. 71-714, 71-715.
District Court of Appeal of Florida, Third District.
March 7, 1972.
*841 Milton Kelner, Miami, for appellant.
Adams, George & Wood, Corlett, Merritt, Killian & Okell, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
By an amended complaint action was brought by Zirick Webb, a minor through his guardian, against his father Robert Webb and the latter's automobile liability indemnity insurer, Allstate Insurance Company, and against Edison Tire and Supply Company, and its insurer, Continental Insurance Company. The action was for personal injuries sustained by the minor plaintiff, then nine years of age. The defendant father was an employee of the Edison company. On a certain day, when Webb had the boy with him at his place of employment, Webb became intoxicated. His condition was noted by other employees, including the manager, and there was some discussion among them about having someone drive Webb home. Around noontime Webb took a vehicle owned by the employer, and proceeded to drive home, with his son as a passenger therein. En route he was involved in a collision, when he drove into the rear of another vehicle. The injuries to the boy resulted therefrom.
Summary judgment was entered in favor of defendant Robert Webb and his insurer Allstate. Trial of the cause against the employer and its insurer resulted in a jury verdict in favor of the defendants, upon which judgment was entered. The plaintiff filed separate appeals from those judgments. The appeals were consolidated here.
The summary judgment which denied recovery of the minor against his father (and the latter's insurer) was correct. The decisions hold that an unemancipated minor child may not maintain an action against his parent for negligence of the latter. Rickard v. Rickard, Fla.App. 1967, 203 So.2d 7; Denault v. Denault, Fla.App. 1969, 220 So.2d 27; Orefice v. Albert, Fla. 1970, 237 So.2d 142.
In seeking reversal of the judgment based on the verdict rendered by the jury in favor of the senior Webb's employer and the latter's insurer, the appellant contends that the verdict was against the manifest weight of the evidence and that the court committed error in refusing to give certain charges requested by the plaintiff. Upon examination of the requested charges and the charges given, we conclude no reversible error has been demonstrated therein. The argument that the verdict was against the manifest weight of the evidence is found to be without merit, and we observe no need to lengthen this opinion by discussion of the evidence.
The judgments appealed from are affirmed.