## COOPER v. RESERVE INSURANCE CO.
### No. 73-1573 CA(L)-01.
Circuit Court, Palm Beach County.

June 11 and July 8, 1974.

Paul J. Culp, Boynton Beach, for the plaintiff.

Wallace B. McCall, West Palm Beach, for the defendant.

LEWIS KAPNER, Circuit Judge.

*Order on motion for summary judgment, June 11, 1974:* This matter is presented upon a motion for summary judgment. The parties have stipulated to the facts and the issue is one of law.

The minor plaintiff was injured while an occupant of an automobile driven by defendant's insured. The plaintiff's father, and owner of a motor vehicle, did not have any automobile insurance or other security providing personal injury protection benefits for members of his family.

Plaintiff filed suit against defendant and defendant contends that plaintiff must sue his father instead for the reason that his father had no automobile insurance at the time and is therefore liable for such personal injuries under provisions of §627, Florida Statutes particularly §§627.733(1), 627.733(4), 627.735 and 627.736.

Under Florida's No-Fault Law every owner of a motor vehicle is required to maintain security for personal injury protection. Failure to do so removes immunity from tort liability and makes him or her personally liable for personal injury resulting from automobile accidents. With respect to such benefits, the owner has all the rights and obligations of an insurer. §§627.733(1) and (4). The insurance policy must cover relatives residing in the same household, §627.736(1), with certain exclusions which are not relevant to the instant case.

The wrong-doer's insurer shall pay such benefits for injuries to relatives residing in the same household *provided* the injured person is not himself entitled to seek benefits from the insurer of the owner of a vehicle required to be insured. §627.736(4).

It is the defendant's contention that the father, being an uninsured owner of a motor vehicle, assumed the obligation of an insurer and is therefore obligated to pay such personal injury benefits resulting from an automobile accident.

According to Florida's No-Fault Law, the issue here is not dependent upon whether the father has or has not insurance coverage. The issue is whether the owner of a car *or* his insurance company, if any, is to be held liable under §§627.730, et seq., as against a third party who has negligently injured said owner or, as in this case, a minor child residing in his household.

Florida's No-Fault Law appears to require just that liability. §627.737(1) provides that any insured owner of a motor vehicle who negligently causes an automobile accident is exempted from tort liability for damages because of bodily injury to the extent that they are payable under §627.736(1) and shifts this liability to the injured party when the injured party is an owner of a motor vehicle himself, or is a relative residing in a household of such an owner, regardless of whether the owner is insured or not. The law specifically requires him to obtain insurance and it makes him an insurer if he does not. §627.737(1) specifically refers to such liability of "an owner *personally* liable under §627.733." (Emphasis added.)

However, there are logical inconsistencies inherent within the law that are simply irreconcilable with the constitutional requirements of due process, equal protection and access to the courts.

Kluger v. White, (Sup. Ct., 1973) 281 So.2d 1, invalidated that portion of the no-fault law dealing with liability for property damage. The court held that "where a right of access to the courts or redress for a particular injury has been provided, . . . the legislature is without power to abolish such a right *without providing a reasonable alternative* to protect the rights of the people of the state to redress for injuries . . ." (Emphasis added.) *Kluger*, p. 4.

The provisions eliminating the cause of action for property damage do *not* require the potential plaintiff to obtain insurance to compensate him for his loss. Addressing itself to that feature, the court said —

> "Had the legislature chosen to require that appellant be insured against property damage loss — as is, in effect, required by Fla. Stat. §726.733, with respect to other possible damages — the issues would be different. A reasonable alternative to an action in tort would have been provided and the issue would have been whether or not the requirement of insurance for all motorists was reasonable. That issue is not before us." *Kluger*, p. 5.

Lasky v. State Farm Insurance Co., (Sup. Ct., 1974) 296 So.2d 9, decided only recently (April 17, 1974), dealt specifically with the portion concerning liability for personal injury. That case

up-held the no-fault law as applied to personal injury liability, but is not directly on point here because that case was dealing with the validity of the threshhold requirement rather than the validity of transferring the burden of personal injury losses from the wrong-doer to the victim or, more precisely, to a victim who is a minor relative of an uninsured owner as is the case *sub judice*. In fact, from all apearances, the problem of lack of insurance was not present in *Lasky*.

This distinction is vital. While the law does require an owner of a motor vehicle to obtain insurance, it imposes no such obligation upon a relative residing in the same household. *Kluger* held that such a failure invalidated the act with respect to property damage. *Lasky* held that it was precisely this compulsory feature — as applied to a motor vehicle owner — that lent support to the validity of the portion of the Act dealing with personal injury liability. *Lasky*, p. 9, upheld the threshhold requirements as follows —

> "FS, §627.737 grants an exemption from liability in tort for vehicular accidents, to *persons meeting the insurance requirements* of FS, §627.733 . . . The Act also requires *persons within its ambit* to provide and maintain security...; failure to maintain such security results in revocation of the registrant's driving license and vehicle registration. FS, §627.735(1). *Tort actions against persons not required to provide security are unaffected.*" (Emphasis added.)

Thus, *Lasky* saved the Act as it applies to an *owner* because of the compulsory insurance features against the *owner*. Since there is no compulsion against the owner's relatives, it cannot be said that the Act provides said relatives with a reasonable alternative to their common-law cause of action.

Nor can it be argued that the child's "remedy" of suing his father is a reasonable alternative to suing the wrong-doer. For sound reasons of public policy, generally speaking, children are prohibited from suing their parents, Orefice v. Albert, (Sup. Ct., 1970) 237 So.2d 142; 24 Fla. Jur., *Parent and Child*, §22, §22.1 (supp.). It is not at all clear that the legislature actually intended to make an exception to this rule — but even if it did so intend, it can hardly be argued that giving a child the right to sue his parents for injuries caused by a third-party wrong-doer is a reasonable alternative to his common-law right of suing the wrong-doer. Unless the alternative is reasonable, the abolition of a vested right is unconstitutional. Kluger v. White, supra.

Still another ground exists for invalidating this portion of §627.730, et seq. There appears to be no reasonable relationship between the *ownership* of the motor vehicle and an injury to a person resulting from an accident totally unconnected with said

ownership. Countless examples can be listed to demonstrate an unjust and absurd result. For example, suppose a person purchases an automobile and, while waiting for his insurance to cover him, during which time he does not pick up his car, he is struck, while a pedestrian, by a third party's automobile. Under §627, even though his action was perfectly reasonable, he would be unable to sue the wrong-doer. Or, for example, the purchaser of an antique automobile would be required to get insurance even though he might have no intention at all of operating his vehicle. Or, additionally, an owner of a vehicle being stored would be required to get insurance or lose his cause of action. To add to the absurdity, convertibles or coupes are not covered unless they are used as "utility automobiles" whereas "sedans, station wagons or jeep-type vehicles" are covered for *any* use other than as a public livery conveyance for passengers. What relationships these distinctions have to the legislative purpose is beyond the understanding of this humble servant.

There must be a reasonable relationship between the requirements of the Act and the purpose of the legislation. I do not believe such a relationship exists with respect to the provision that a motor vehicle owner be required to obtain insurance for accidents when those accidents are unrelated to the ownership of his motor vehicle.

In conclusion, §627 fails to require a relative of a motor vehicle owner to obtain insurance for personal injury protection and fails to otherwise provide an alternative to his common-law right to sue a tort feasor. Additionally, there is no reasonable relationship between the legislative purpose and the provision requiring a motor vehicle owner to insure against accidents occuring to him which are unrelated to his ownership. The court therefore reluctantly concludes that that portion of §627 which deprives a relative of a motor vehicle owner of the right to sue a tort feasor is unconstitutional. Whether the invalidated part may be severed from the remaining Act so as to save the remainder is not before the court.

Accordingly, the court holds that that portion of §627, Fla. Stat., depriving the relative of a motor vehicle owner of his cause of action against the tort feasor is unconstitutional.

It is thereupon ordered that plaintiff shall be permitted to bring suit against the defendant insurance company.

*Order on petition for rehearing, July 8, 1974:* Defendant's petition for rehearing is denied.

Defendant contends that the action *sub judice* is brought by the father of the minor as opposed to the minor himself, and that therefore the minor is not being deprived of any rights. This argument

is inherently inconsistent. As defendant has pointed out, it is a father, and not a minor, who has the legal and practical responsibility for taking court action. If the father refuses to pay these medical bills, the minor then will be in no position to collect them, thus he is deprived of protection from these losses.

The fact that a parent has a "legal duty to . . . furnish the necessary medical attention for his child," as defendant has pointed out, offers no protection at all. Our society is not yet so highly supervised that we will be able to discern whether a parent is giving his child proper medical treatment following an accident in time to protect the child. Also, the parent's obligation goes to *necessary* attention, not *reasonable* attention, as would be the tort feasor's obligation.