302 So.2d 200 (1974)
Stephen W. ISON, Appellant,
v.
FLORIDA SANITARIUM AND BENEVOLENT ASSOCIATION, d/b/a Florida Hospital, Appellee.
No. 73-718.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
William R. Lyle, Jr., and William Murrell, Jr., of William Murrell, Jr. & Associates, Orlando, for appellant.
William Trickel, Jr., of Whitfield, Wright, Leonhardt & Trickel, Orlando, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
This is an "appeal" from an order of the Orange County Circuit Court *201 sitting in its appellate capacity, which itself affirmed a judgment of the Orange County Small Claims Court, entering judgment in favor of the Florida Sanitarium and Benevolent Association d/b/a Florida Hospital and against the present "appellant" Stephen W. Ison, in the amount of $352.60. The claim upheld by the courts below involved hospital services rendered to Mr. Ison's daughter Debra, who was then 18 years of age  and thus a "minor" under the then applicable Florida law. The lower courts upheld the hospital's contention that Mr. Ison was liable for the debt as a "necessity of life" provided to his daughter. Since we have no jurisdiction on appeal to review an appellate decision of the Circuit Court, Dresner v. Tallahassee, Fla. 1964, 164 So.2d 208, we treat the appeal as a petition for writ of certiorari. See Robinson v. State, Fla. 1961, 132 So.2d 3; Ellison v. Ft. Lauderdale, Fla. 1966, 183 So.2d 193. After so doing, and upon a consideration of the case on its merits, we have determined that the order of affirmance below constitutes a departure from the clear requirements of the law and, therefore, quash that decision, on the ground that the stipulated facts clearly and indisputably reveal that Debra was "emancipated" at the time that the services were rendered, and thus that Mr. Ison is not himself liable for her debt to the hospital.
In the absence of a transcript of testimony of the proceedings before the Small Claims Court, the parties stipulated, as permitted by Florida Appellate Rule 3.6(h), that one month prior to the rendering of the hospital's services in February 1972, Debra had "left home permanently, ... got a place to live of her own," and that she had become and been completely self-supporting. Her father, Mr. Ison, had paid none of her bills and had provided nothing more than ordinary  in fact, minimal  monies in the payment of social amenities which one might render another who was his child, but who was nonetheless independent. Indeed, at the time that Debra went into the hospital on an emergency basis, Mr. Ison declined to sign a financial responsibility document which the hospital's personnel attempted to secure from him; he did sign a consent to operate from only because the hospital said it was required in order for treatment to be provided. On these thus-undisputed facts  which demonstrate without question that Debra had secured and enforced her "right of the minor to collect and control [her] own wages and labor for [her]self," see Dora v. Cochran, Fla. 1962, 138 So.2d 508  we must hold that she became "emancipated" and thus that her father was not liable even for her medical treatment.
The Florida law has rather consistently held that a common law emancipation may be effected between parties notwithstanding non-compliance with the statutory means of securing emancipation under F.S. § 62.011. E.g., Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516, 530; see Meehan v. Meehan, Fla. App. 1961, 133 So.2d 776; Owen v. Owen, Fla.App. 1970, 234 So.2d 165; 59 Am.Jur.2d, Parent and Child, § 93, p. 191; Annot., Minor  Implied Emancipation, 165 A.L.R. 723. The facts and circumstances necessary to effect such an emancipation involve, as we have indicated, a breaking of the bonds of "subjection" of the child to the parent and the establishment of the concomitant right of the child herself to collect and retain her wages. See 24 Fla. Jur., Parent and Child, § 18, p. 160. While in most cases, the issue of whether this has in fact occurred is itself one of fact, see Owen v. Owen, supra, this record contains nothing which would create even an inference that it had not.[1] Thus, the emancipation was established as a matter of law.
There is no question that once such an emancipation is established, the parent *202  who is no longer able to command the obedience or services of his child  is likewise no longer liable for his debts even those for "necessities" such as medical treatment. See cases collected, Annot., 165 A.L.R. 719. The case of Buxton v. Bishop, 185 Va. 1, 37 S.E.2d 755, 165 A.L.R. 719, is virtually squarely on point with this one. It holds, as we do, that the parent of an emancipated child is not liable for his child's hospital and medical services.
Certiorari is granted and the judgment is quashed with directions to reverse the judgment of the Orange County Small Claims Court.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Early Florida cases, e.g., Mills v. Joiner, 20 Fla. 479 (1884), Jackson v. Citizens' Bank & Trust Co., supra, indicate that an issue of fact as to this question may arise even if the minor continues to live at home. Since it is undisputed that this did not occur in this case, it is all the more clear that the emancipation appears as a matter of law.