BARKDULL, Judge.
Ofelia Torres, plaintiff in the trial court, appeals an adverse summary final judgment.
On January 8, 1975, the defendant (Felix Torres), while operating a motor vehicle owned by his father and in which his mother, Ofelia Torres, was a passenger, was involved in an accident. At the time of the accident, Felix Torres was seventeen years of age. On March 28, 1975, suit was instituted by Ofelia Torres against Felix Torres and Allstate Insurance Company. At the time the suit was filed, Felix Torres was eighteen years of age. Defendants filed an answer raising as an affirmative defense that the action was barred, since at the time of the accident the defendant (Felix Torres) was an unemancipated minor child of the plaintiff. The defendants filed a motion for judgment on the pleadings or for summary judgment. The trial court entered a final summary judgment after all parties stipulated there were no issues of fact. The court found, as a matter of law, that a mother cannot sue her child, after the child reaches the age of eighteen years, for alleged negligence in the operation of a motor vehicle owned by the father at a time when the child is unemancipated and under the age of eighteen years.
We affirm. A parent cannot file suit after a child attains majority for a tort committed by the child during the child’s minority. See: Bencomo v. Bencomo, 200 So.2d 171 (Fla.1967); Rickard v. Rickard, 203 So.2d 7 (Fla. 2nd D.C.A. 1967); Orefice v. Albert, 237 So.2d 142 (Fla.1970); Webb v. Allstate Insurance Company, 258 So.2d 840 (Fla. 3rd D.C.A. 1972); Mieure v. Moore, 330 So.2d 546 (Fla. 1st D.C.A. 1976).
Affirmed.