355 So.2d 154 (1978)
James HORTON, As Personal Representative of the Estate of Clementine B. Horton, Deceased, Appellant,
v.
UNIGARD INS., CO., of the Unigard Ins., Group, and Joseph McAllister and Government Employees Ins., Co., and Raymond A. Horton, Appellees.
Nos. 76-1368, 76-1622.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Denise Davis Schwartzman of Schwartzman & Quinones, Hialeah, for appellant.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellees-Government Employees Ins. Co. and Raymond A. Horton.
*155 DOWNEY, Judge.
This case involves an application of the doctrine of interfamily immunity.
Clementine Horton was killed in an accident while a passenger in an automobile driven by her husband, Raymond Horton. The personal representative of Clementine's estate brought a wrongful death action against Clementine's husband[1] for the benefit of Clementine's estate and Clementine's two minor children. McAllister, the driver of the other vehicle involved in the accident, was also joined as a defendant as were the insurance carriers insuring Horton and McAllister. The trial court entered a final judgment dismissing the complaint against Raymond Horton and his insurance carrier, and the personal representative perfected this appeal in Case No. 76-1622.[2]
Appellant contends that neither the doctrine of interspousal immunity nor the doctrine of interfamily immunity precludes appellant from maintaining this wrongful death action on behalf of the deceased wife's estate and the minor children. Appellees, on the other hand, argue that the doctrine of interspousal immunity does preclude the personal representative from maintaining the suit on behalf of Clementine's estate and that interfamily immunity prevents maintenance of the suit on behalf of the minor children.
With regard to the wrongful death action on behalf of the wife's estate we hold that such an action can not be maintained because of the doctrine of interspousal immunity. Because of the doubts which seem to have been engendered by some recent decisions, we recently held in the case of Blanton v. Blanton, Opinion filed January 24, 1978, Fourth District Court of Appeal Case No. 76-2678, 354 So.2d 430, that the doctrine of interspousal immunity is alive and well in this jurisdiction. Having established that the doctrine is still viable we must decide whether there is something unique about a wrongful death action which would exempt such an action from the application of the doctrine. We hold there is not and that the interspousal immunity doctrine is applicable to a wrongful death action by a deceased wife's personal representative against her husband. In Orefice v. Albert, 237 So.2d 142 (Fla. 1970), the Supreme Court of Florida stated:
"It is established policy, evidenced by many decisions, that suits will not be allowed in this state among members of a family unit for tort. Spouses may not sue each other, nor children their parents. The purpose of this policy is to protect family harmony and resources." Id. at 145.
Appellant says the quoted statement from Orefice, supra, is obiter dictum and we concede that it is. However, it is obiter dictum from the highest court in this State and that is no ordinary dictum! The rule seems to be that dictum in an opinion by the Supreme Court of Florida, while not binding as precedent, is persuasive because of its source. Town of Lantana v. Pelczynski, 290 So.2d 566 (Fla. 4th DCA 1974); O'Sullivan v. City of Deerfield, 232 So.2d 33 (Fla. 4th DCA 1970); Weber v. The Zoning Board of Appeals of the City of West Palm Beach, 206 So.2d 258 (Fla. 4th DCA 1968); Milligan v. State, 177 So.2d 75 (Fla. 2d DCA 1965); 8 Fla.Jur., Courts § 168. Suffice to say we are persuaded by the dictum in Orefice, supra, because we perceive no reason not to apply the doctrine of interspousal immunity to a wrongful death claim by the personal representative of a deceased wife's estate against her erstwhile husband. Section 768.19, Florida Statutes (1975), provides, among other things, that when a death is caused by the wrongful act or negligence of a person and the event would have entitled the person injured to maintain *156 an action and recover damages if death had not ensued the person guilty of the wrongful act or negligence shall remain liable notwithstanding the death of the person injured. Clearly Clementine could not maintain an action and recover damages against her husband Raymond had she survived her injuries.
Turning now to the wrongful death claim on behalf of the two minor children against their father, we hold that action is barred by the doctrine of interfamily immunity. We do not reach this conclusion without some difficulty because in Shiver v. Sessions, 80 So.2d 905 (Fla. 1955), the Supreme Court held that a wrongful death claim could be maintained on behalf of minor children against their stepfather for the wrongful death of their mother. In the Shiver case the stepfather killed the mother and then committed suicide. The wrongful death action was instituted on behalf of the minor children against the deceased stepfather's estate. The trial court dismissed the suit apparently on the grounds that such an action could not be maintained because the wrongful death statute provided that as a condition of suit the wrongful act or negligence resulting in death must be such as would, had death not ensued, have entitled the party injured thereby to maintain an action and recover damages therefor. In reversing that ruling the Supreme Court held that:
"We hold, then, that it cannot reasonably be implied from the terms of the Act that the Legislature intended that the wife's disability to sue her husband should be a bar to a suit under the Act by the wife's surviving children against the deceased husband's estate, and that the lower court erred in so holding". Id. at 908.
The Shiver court went on to say that it would be unreasonable to conclude the Legislature intended to bar the right of action created by the Act on account of a disability to sue which is personal to a party having an entirely separate and distinct "right of action" which does not inhere in the tort or cause of action upon which each separate cause of action is based. So it is quite clear in Shiver the court was considering as a possible bar to the suit only the doctrine of interspousal immunity. No allusion whatsoever is made to the doctrine of interfamily immunity and so we can only assume that it was not considered by the Supreme Court in the disposition of the case. It might be that interfamily immunity was not discussed because the court felt the doctrine was not applicable, since both the mother and father were dead and there was no family as such to be disrupted by maintenance of a suit by minor children against the deceased parent's estate. If this speculation is correct the same principle would not apply here because in the case at bar we do have a viable family relationship, i.e., a living father and minor children.
There are numerous authorities acknowledging the existence in Florida of the doctrine of interfamily immunity.[3] Generally, they hold that a tort action may not be maintained between a father and an unemancipated child because it has long been the policy of the law to encourage family unity and the maintenance of family discipline, Meehan v. Meehan, 133 So.2d 776 (Fla. 2d DCA 1961), and surely we don't need less of that today. Once again, we can see no valid reason why that doctrine should not prevail in this case and preclude maintenance of the personal representative's wrongful death claim on behalf of these minor children against their father.
For the foregoing reasons we affirm the judgment appealed from in Case No. 76-1622, and dismiss the appeal in Case No. 76-1368, for lack of jurisdiction.
ALDERMAN, C.J., and LETTS, J., concur.
NOTES
[1] The complaint failed to allege that Clementine and Raymond were married. However, at oral argument the parties conceded they were married and counsel for appellant advised the court he did not seek reversal on that technical oversight.
[2] Appellant also filed a notice of appeal from the order of April 12, 1976, granting the motion to dismiss of Raymond Horton and his insurance carrier. That order was not subject to an interlocutory appeal and must be dismissed.
[3] Orefice v. Albert, 237 So.2d 142 (Fla. 1970); Wright v. Farmers Reliance Insurance Company of New Jersey, 314 So.2d 641 (Fla. 3rd DCA 1975); Webb v. Allstate Insurance Company, 258 So.2d 840 (Fla. 3rd DCA 1972); Denault v. Denault, 220 So.2d 27 (Fla. 4th DCA 1969); Rickard v. Rickard, 203 So.2d 7 (Fla.2d DCA 1969); Meehan v. Meehan, 133 So.2d 776 (Fla. 2d DCA 1961).