Sue C. WATTS and Bruce Duvall, Sr., etc., et al., Plaintiffs,

v.

NATIONAL INSURANCE UNDERWRITERS, etc., et al., Defendants.

No. 81–941–Civ–JKL.

United States District Court, S. D. Florida.

May 26, 1982.

Carol Fenello, Ralph Richard, Miami, Fla., Robert Lynne, North Miami, Fla., David V. Hutchinson, Civ. Div. Torts Branch, U. S. Dept. of Justice, Washington, D. C., for defendants.

Shelby Highsmith, Steven Kent Hunter, Joseph Headley, Miami, Fla., for plaintiffs.

## ORDER DENYING MOTION TO APPLY LOUISIANA LAW AND MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon motions to apply Louisiana law and for summary judgment by Cavico Aircraft Sales, Inc., Cav-Air, Inc., and North Perry Cavico-Alamo, Inc., a group of defendants in this cause.

### FACTS

This cause arose out of an airplane crash in the state of Louisiana. The airplane was purchased by Florida corporate defendants, Cavico Aircraft Sales, Inc., Cav-Air, Inc., and North Perry Cavico-Alamo, Inc. in the state of Texas. The plane was flown from Texas to Las Vegas, Nevada by a Florida pilot with Florida passengers. It was then flown from Las Vegas, Nevada to its ultimate resting place, in the state of Louisiana. The Cavico defendants assert the flight was to terminate in New Orleans, Louisiana and the pilot and passenger were to proceed by car to Florida. The plaintiffs assert the flight was to continue on to Florida.

### CHOICE OF LAW

■ The Cavico defendants assert that Louisiana law should apply as to vicarious liability. The plaintiffs assert that Florida

law should apply to vicarious liability. Florida law incorporates the "Dangerous Instrumentality Rule", which states in essence that an owner is vicariously liable for any negligence of the operator of said dangerous instrumentality. An airplane is considered a dangerous instrumentality by virtue of Florida law. *See Orefice v. Albert,* 237 So.2d 142, conformed to 239 So.2d 46 (1970); F.S.A. § 330.01 et seq. There is no dispute between the parties as to the fact that Louisiana law does not apply vicarious liability to owners of dangerous instrumentalities.

■ It has long been settled that the choice of law rule of the forum state should be applied when necessary in federal court. *See Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Supreme Court of the state of Florida has recently adopted a choice of law rules set out in the Restatement (Second) of Conflict of Laws §§ 145–146, 1971, for torts. *See Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999 (Fla.1980). The Restatement (Second) adopted the "significant relationships test". It is set forth as follows:

§ 145. The General Principle.

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles as stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) The place where the injury occurred,

(b) The place where the conduct causing the injury occurred,

(c) The domicile, residence, nationality, place of incorporation, and place of business of the parties, and

(d) The place where the relationship, if any, between the parties is centered.

§ 146. Personal Injuries.

In an action for a personal injury, the local law of the state where the injury occurred determines the right and liabilities of the parties, unless, with some respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.[1]

§ 146 refers to personal injuries, therefore we must look to it. This section states that the state with the most "significant relationship" to the issues will be allowed to use their state law in deciding the question of liability. The Court which instituted this particular test first and has dealt with it the longest is the Court of Appeals of the State of New York. They were the first to adopt this test in *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).[2]

The Courts of New York have wrestled with the choice of law question for the past eighteen years. It has evolved to the point where the New York Courts believe that the rule of lex loci delicti rule, i.e. that the law of situs of the injury should prevail, unless there are "extraordinary circum-

---

1. It becomes obvious that § 6 of the Restatement (Second) must be considered. It contains the following factors as relevant considerations as to choice of law questions in all areas of the law.
   (a) The needs of the interstate and international system,
   (b) The relevant policies of the forum,
   (c) The relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) The protection of justified expectation,
   (e) The basic policies underlying the particular field of law,
   (f) Certainty, predictability and uniformity of a result, and
   (g) Ease in the determination and application of the law to be applied.
   Restatement (Second) of Conflict of Laws § 6, 1971.

2. As a matter of fact Professor Reese's tentative draft of the Restatement (Second) Conflict of Laws is cited in *Babcock* by Judge Suld as having the best approach to the conflict of laws issue with regards to torts. *See Babcock* at 240 N.Y.S.2d 743, 191 N.E.2d 279, 284, 285.

stances." Further, the "extraordinary circumstances" would relieve the courts of the rule of lex loci only when it would advance the relevant substantive law for purposes of the jurisdiction involved." *Patton v. Carnrike*, 510 F.Supp. 625 (N.D.N.Y.1981); *See also O'Connor v. Lee-Hy Paving Corp.*, 579 F.2d 194 (2nd Cir. 1978); *Neumeier v. Kuehner*, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972). The extraordinary circumstance which prompted the Supreme Court of Florida to adopt the "significant relationships" test was a plane crash. *See Bishop. See also State Farm Mutual Auto Insurance Co. v. Olsen*, 406 So.2d 1109 (1981).

This then moves us into the arena of determining which state has the more "significant relationship" with the issue. The site of the crash was fortuitous. The destination of the airplane is unclear, at best, from the record.

■ All of the other circumstances point toward Florida law. The most significant relationship in this Court's opinion, in this case, is the fact that Florida has a "dangerous instrumentality rule" which is aimed directly at a cause of action such as this. The alleged owners of the aircraft are Florida corporate citizens. The operator of the aircraft whom the Florida citizens had entrusted with the operation of the aircraft was a Florida citizen. The injured plaintiff is a Florida citizen. Florida has deemed it necessary to invoke vicarious liability for owners of dangerous instrumentalities to avoid this specific type of tragedy. Therefore, Florida law applies.

## MOTION FOR SUMMARY JUDGMENT

■ This cause came on before the Court upon the Cavico defendants motion for summary judgment pursuant to Rule 56(c), F.R.C.P. The basic contentions in this motion are the Cavico defendants never owned the aircraft, and in the alternative if the use of Louisiana law is invoked that they are not vicariously liable via Louisiana law. The above Order has taken care of the Louisiana law question. This leaves the Court to decide whether there is any genu-

ine issue of material fact in dispute insofar as the ownership of the aircraft is concerned. This Court having thoroughly reviewed the motion, the attached appendix, and the record finds that there is a genuine issue of material fact insofar as the ownership of the airplane is concerned.

Therefore, this Court does

ORDER and ADJUDGE that the motions for application of Louisiana law and summary judgment be, and herein are, denied.