524 So.2d 1115 (1988)
Robert E. DOERRFELD, Appellant,
v.
Darlene K. KONZ, F/K/a Darlene K. Doerrfeld, Appellee.
No. 87-964.
District Court of Appeal of Florida, Second District.
May 11, 1988.
*1116 John A. Shahan, Tarpon Springs, for appellant.
John J. Fogarty, Clearwater, for appellee.
PARKER, Judge.
Appellant challenges a final order denying his motion to suspend permanently child support payments and the trial court's finding that appellant's child was not emancipated. We affirm.
Pursuant to a judgment of dissolution of marriage entered in 1982, appellant was obligated to pay child support for the parties' minor child, Kera, and to maintain medical insurance for Kera by virtue of the terms of a property settlement agreement incorporated by reference into the final judgment. In 1986, appellant determined through a newspaper article that Kera was contesting the adoption of her own child, born in 1986.[1] Appellant filed a motion to suspend or abate child support permanently, stating three reasons in support of his contention that Kera was emancipated:
(1) She herself had given birth to a minor child out of wedlock;
(2) She was at the time of the hearing living in Wisconsin with appellant's other daughter and not in the home of her mother. She independently decided to live in Wisconsin at a time when she was supposed to be attending high school classes in Pasco County, Florida;[2] and
(3) The fourth district court's ruling giving custody of Kera's minor child to Kera in a dispute between Kera and the prospective adoptive parents is an indication of emancipation.
Further, appellant alleged that Kera was working in order to pay for her child's medical bills.[3]
In addition to unilaterally terminating child support payments for Kera, appellant refused to submit medical bills incurred in the delivery of Kera's baby to his insurance company as he did not feel that they were his responsibility. The trial court concluded the evidence was insufficient to establish emancipation. In ruling against appellant, the trial court made the following pertinent findings:
3. Robert E. Doerrfeld has the present financial ability to comply with the child support set forth in the final judgment in this case and Robert E. Doerrfeld is hereby ordered to pay the child support for the months of August 1986 through January 1987 in the amount of $2,400.00 and to pay child support for each month thereafter until the parites (sic) minor child marries or otherwise becomes emancipated; and
4. Robert E. Doerrfeld is to pay the medical bills for the parties' said minor child and to sign the necessary documents to submit same to his medical insurance carrier; and
We find no Florida cases addressing whether emancipation can result merely from a minor child giving birth and thus becoming a parent. Other states have held that fact alone is not sufficient to create emancipation.[4]
In Ison v. Florida Sanitarium & Benevolent Ass'n., 302 So.2d 200 (Fla. 4th DCA 1974) the father of an eighteen-year old minor was sued for hospital services provided to the minor. The facts in Ison established that the minor daughter had left *1117 her parents' home permanently and was completely self-supporting. Her father paid none of her bills and provided nothing more than ordinary monies in payment of social amenities. The father declined to sign a financial responsibility document which the hospital attempted to secure when the daughter was admitted into the hospital on an emergency. The court held that the minor was emancipated at the time the services were provided. In so holding, the Ison court noted "the facts and circumstances necessary to effect such an emancipation involved a breaking of the bonds of `subjection' of the child to the parent and the establishment of the concomitant right of the child to become self-supporting." Id. at 201.
Applying the Ison rationale to the facts of the present case, Kera, by giving birth to a child and becoming a parent herself, has not broken the parent-child bonds of the nature that would support a finding of emancipation. The factors which we find significant in reaching this conclusion are that Kera is not financially independent and continues to maintain her residence with the appellee, her mother. Accordingly, we affirm the decision of the trial court.
LEHAN, A.C.J., concurs.
HALL, J., concurs with opinion.
HALL, Judge, concurring.
Historically in Florida the crucial question utilized by courts in determining whether child support is subject to termination deals with the dependency of the child, regardless of whether the child is a minor, emancipated, or an adult. Smith v. Smith, 495 So.2d 886 (Fla.2d DCA 1986); Fagan v. Fagan, 381 So.2d 278 (Fla. 1st DCA 1980).
In the instant case the trial court found that the parties' minor child was dependent upon her parents for support. The fact that she herself had given birth to a child out of wedlock certainly did not change the fact of her dependency and would not in and of itself be a valid basis for finding her to be emancipated and terminating her support.
NOTES
[1] Joiner v. In re the Interest of Baby Doe, 510 So.2d 309 (Fla. 4th DCA 1986).
[2] This reason is not supported by the record, which makes clear that Kera travelled to Wisconsin on vacation to visit her sister.
[3] The record indicates that Kera had in the past worked part-time for ninety days while attending high school as a full-time student.
[4] French v. French, 599 S.W.2d 40 (Mo. App. 1980), involving a minor child giving birth and accepting payments under aid to dependent children; Hicks v. Fulton County Department of Family & Children Services, 155 Ga. App. 1, 270 S.E.2d 254 (1980), involving a minor child who had abandoned her father's home and had been supporting herself and her illegitimate child for more than a year.