PETERSON, Judge.
Michael Dean Lay appeals a final order granting Hugh Suggs’ motion for summary judgment in Lay’s action for damages arising from a motor vehicle accident in which Suggs’ daughter, Laurie Henderson, was driving. Suggs gave his written consent to the issuance of a driver’s license to Laurie when she was 15 years old in accordance with section 322.09, Florida Statutes (1985). Subsection (2) of the statute imposes joint and several liability for a minor’s negligence upon the person who has signed a minor’s application for a driver’s license. Subsection (l)(a) of section 322.09 indicates that the “section” is not applicable to a person under the age of 18 years who is emancipated by marriage.
Mr. Suggs signed Laurie’s application and a license was issued on June 16, 1986. On August 7, 1986, Laurie married and approximately two months later was involved in the accident. Lay argues that, once a parent signs an application for a license, a minor’s later emancipation by marriage does not automatically terminate the parent’s vicarious liability. He further contends that Suggs should have exercised his right to obtain release of liability upon Laurie’s marriage pursuant to section 322.-10, Florida Statutes (1985). Section 322.10 allows a consenting person to withdraw a consent. This withdrawal of consent cancels the minor’s license and releases the attendant vicarious liability of the signer.
We affirm the final order granting the summary judgment and hold that the marriage of a minor automatically terminates the vicarious liability of the person who signed the minor’s driver’s license application pursuant to section 322.09 for driving acts of the minor performed after the minor’s marriage. In so holding, we do not disturb the holding of Gracie v. Deming, 213 So.2d 294 (Fla. 2d DCA 1968), in which our sister court ruled that the liability of the consent signer under section 322.09 was not terminated for driving acts of the minor performed prior to the marriage.
Under section 743.01, Florida Statutes (1985), the disability of non-age of a minor is dissolved upon the minor’s marriage, and the minor may contract, sue and be sued, and perform all acts that the person could do if not a minor. It has been noted that when a parent is no longer able to command obedience or services of a child who has been emancipated, the parent likewise should no longer be liable for his debts. Ison v. Fla. Sanitarium and Benevolent Ass’n, 302 So.2d 200, 201 (Fla. 4th DCA 1974). No action by a parent is required by Florida law to escape responsibility for a child once a child is emancipated by marriage, and we do not believe that section . 322.09 changes that concept.
The last sentence of subsection 322.-09(l)(a) states that “[tjhis section shall not apply to a person under the age of 18 years who is emancipated by marriage” (emphasis added). The reference to section means section 322.09 in its entirety and does not mean subsection (l)(a) in which these words of nonapplicability are contained. We believe that the legislature knew the nomenclature of statutes when it referred to section rather than subsection; for example, it refers to “chapter” in section 322.02(1) and “subsection” in section 322.-12(4)(d), as well as “section” throughout Chapter 322. The use of the word “sec *742 tion” by the legislature in the last sentence of section 322.09(l)(a) indicates to us that the applicability of section 322.09 to a particular minor self-destructs upon emancipation. The emancipation also causes the vicarious liability of the consenting person, established under subsection (2) of section 322.09, to be terminated as to causes of action which accrue against the minor following the emancipation.
Section 322.10 allows a person who signs a minor’s application pursuant to section 322.09(l)(a) to terminate liability by filing a request that the minor’s license be canceled. The effect of the request upon a minor’s privilege to drive is to eliminate it until the age of 18 is attained unless another consenting person is drafted by the minor to sign a new application. The effect is not the same upon a minor emancipated by marriage since the emancipation would allow the immediate independent application for and grant of the license. There is no need to go through the wasted motions and expense to the state, the emancipated licensee, and the consenting person of cancellation, reapplication, and relicensing simply to avoid the trap of liability suggested by Lay. The more equitable and logical result and the result we think the legislature intended is to place the licensed minor who becomes emancipated upon the same footing as the emancipated minor making an initial application.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.