599 So.2d 135 (1992)
Chauna Jo RICHARDS, etc., Appellant,
v.
Buddy Joe RICHARDS, Appellee.
No. 91-1309.
District Court of Appeal of Florida, Fifth District.
April 17, 1992.
Rehearing and Rehearing Denied June 1, 1992.
*136 H. Scott Bates of Morgan, Colling & Gilbert, P.A., and S. Joseph Piazza of S. Joseph Piazza, LL.M., P.A., Orlando, and Fred S. Pflaum of Pflaum, Dannheisser & Wallace, P.A., Sarasota, for appellant.
Edwin C. Cluster and James E. Collins of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, and Chandler R. Muller of Muller, Kirkconnell, Lindsey and Snure, P.A., Winter Park, for appellee.
Rehearing and Rehearing En Banc Denied June 1, 1992.
COBB, Judge.
This is an appeal of the trial court's dismissal with prejudice of a complaint filed by a minor child (C.J.) against her father alleging damages resulting from sexual assaults. The legal issue is whether parental immunity bars suit by a child for damages resulting from her father's intentional tortious acts.
The appellant cites three significant Florida Supreme Court cases decided within the past quarter of a century which have discussed the doctrine of family immunity: Hill v. Hill, 415 So.2d 20 (Fla. 1982); Ard v. Ard, 414 So.2d 1066 (Fla. 1982); and Orefice v. Albert, 237 So.2d 142 (Fla. 1970).
The 1970 Orefice case involved a negligence action. The mother of a minor killed in an airplane crash brought suit individually and as parent and next friend of the minor for his wrongful death, which resulted from the active negligence of the pilot, who was the minor's father and the plaintiff's husband. In disallowing the mother's action, the Court said:
It is established policy, evidenced by many decisions, that suits will not be allowed in this state among members of a family unit for tort. Spouses may not sue each other, nor children their parents. The purpose of this policy is to protect family harmony and resources.
In 1982, the supreme court recognized an exception to the parent/child immunity doctrine. In a negligence action arising from an accident and brought by an unemancipated minor child against a parent, parental immunity was waived to the extent of that parent's insurance coverage. Ard v. Ard, 414 So.2d 1066 (Fla. 1982). In that same year, the court refused to modify the doctrine of interspousal immunity to allow recovery for intentional torts between spouses. It emphasized that the trial judge in a dissolution proceeding has the authority to consider any permanent injury or disfigurement or loss of earning capacity from such abuse when setting alimony. In upholding the immunity, the court cited the protection of the family unit and its concern that any intrusion into that unit would adversely affect the family relationship and family resources. Hill v. Hill, 415 So.2d 20 (Fla. 1982).
As we interpret the foregoing cases, it would appear that Florida continues to adhere to the parent/child immunity doctrine with the exception of negligence actions where insurance coverage is available. The Florida Supreme Court recognizes that a straight suit for damages will reduce the amount of assets available for the support, education and protection of the family unit as a whole. Recovery against a parent by an individual child for an intentional tort, where insurance is not available, decreases the assets available for the support of other family members who may also be in need of assistance. Moreover, the majority of any punitive damage recovery by the child/plaintiff would pass to the state, further depleting family assets.[1]
*137 We also note that opening the doors to tort actions for damages by children against parents would avail an unscrupulous parent of the opportunity to manipulate a minor child and the legal system by bringing frivolous actions against the other parent. The criminal court, rather than the civil court, is better equipped to process charges such as those leveled in the instant case. As succinctly pointed out in the appellee's brief:
The benefits to be gained by a child's intentional tort action against a parent do not justify abrogating the parent/child immunity doctrine. If a parent abuses a minor child, the parent is already obligated by law to provide the minor child with all necessary care, including medical and psychological care. The law also recognizes the child's right to enforce this obligation. It is not necessary that the child be given the right to sue a parent for intentional tort for the obligation to be enforced. The parent's obligation to provide for the child also continues beyond the age of majority if the child is unable to provide for himself or herself as a result of a physical or psychological disability.
* * * * * *
If the parent/child immunity doctrine is to be abrogated to allow a child to bring an intentional tort action against a parent, it should be done by statute. The legislative setting is better equipped to solve such a complex social issue as that presented by this case. In a legislative setting, the whole spectrum of competing interests can be considered, and a broad solution can be crafted. In the judicial setting, the complex social issue of sexual abuse comes before the court upon a set of facts by a single case.
AFFIRMED.
GRIFFIN, J., and JOHNSON, W.C., Jr., Associate Judge, concur.
NOTES
[1] We also note that the legislature abrogated interspousal immunity for battery in 1985, section 741.235, Florida Statutes, but did not alter parent-child immunity.