NORTHCUTT, Judge.
 

 Jose Martinez was a passenger aboard a private airplane that crashed shortly after takeoff. Martinez and the pilot were killed. The administrator ad litem for and personal representative of Martinez’s estate, John K. Vreeland, filed a wrongful death action against the owner of the plane, the company to which the owner had leased the plane, and the pilot’s estate. This appeal involves only the claims against the owner, Aerolease of America, Inc. The circuit court granted Aerolease a summary judgment on the three counts asserted against it, thereby disposing of the entire case as to that defendant.
 
 See
 
 Fla. R.App. P. 9.110(k).
 

 Vreeland challenges the summary judgment on two of the counts. The first alleged that, as the airplane’s owner, Aero-lease was vicariously liable for the pilot’s negligent operation of the airplane, a dangerous instrumentality under Florida law. The second count contended that Aero-lease negligently maintained and inspected the aircraft before leasing it and that this negligence was the cause of the accident. As discussed below, we affirm the summary judgment on the first count and reverse the summary judgment on the second count. Vreeland has not taken issue with the summary judgment on the third count, which asserted that Aerolease intentionally published false information about the condition of the aircraft in order to induce a lease. Accordingly, we affirm the summary judgment on that count without discussion.
 

 Vicarious Liability
 

 In Florida the owner of a “dangerous instrumentality” who has expressly or impliedly consented to its operation by another is vicariously liable for injuries or damages caused by its negligent operation.
 
 Orefice v. Albert,
 
 237 So.2d 142, 143-44 (Fla.1970). An airplane is a dangerous instrumentality.
 
 Id.
 
 As mentioned, Vree-land’s first count against Aerolease sought to impose liability under this theory.
 

 Aerolease successfully moved for summary judgment on the ground that a provision of the Federal Aviation Act, 49 U.S.C. § 44112, preempts Florida’s dangerous instrumentality law as it relates to owners or lessors of civil aircraft. The pertinent part of that statute reads as follows:
 

 (b) Liability.- — A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage on land or water only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of—
 

 (1) the aircraft, engine, or propeller; or
 

 (2) the flight of, or an object falling from, the aircraft, engine, or propeller.
 

 Vreeland does not dispute that the airplane was not in Aerolease’s possession or control at the time of the pilot’s alleged negligence. But he maintains that the federal statute was not intended to preempt liability under state law theories such as Florida’s dangerous instrumentality doctrine. Rather, he argues, the statute’s purpose was to make clear that Congress had not intended the
 
 federal
 
 act to create a
 
 *909
 
 cause of action based on vicarious liability. We disagree.
 

 As other courts have recognized, any discussion of this topic must involve an examination of the statute’s legislative history. The forerunner of the present statute was 49 U.S.C. § 1404, enacted in 1948.
 
 [1]
 
 House Report No. 80-2091 was issued in conjunction with the 1948 enactment. Contrary to Yreeland’s argument, the Report confirmed that the statute was indeed directed to liability under state law. Specifically, the Report documented Congress’s concern about a provision of the Uniform Aeronautics Act that had been adopted by a number of states.
 

 Section 4 of the Uniform Aeronautics Act is in force
 
 in at least 10 States and Hawaii
 
 That section reads, in part, as follows:
 

 The owner of every aircraft which is operated over the lands or the waters of this State is
 
 absolutely liable
 
 for injuries to persons or property on the land or water beneath, caused by the ascent, descent, or flight of the aircraft, or the dropping or falling of any object therefrom,
 
 whether such owner was negligent or not,
 
 unless the injury is caused in whole or in part by the negligence of the person injured, or of the owner or bailee of the property injured. If the aircraft is leased at the time of the injury to persons or property, both owner and lessee shall be liable, and they may be sued jointly or either or both of them may be sued separately.
 

 1948 U.S.C.C.A.N. 1886 (emphases supplied, footnote omitted). The House Report went on to observe that this provision, as adopted in various states, imposed absolute liability on owners of aircraft even if they held title only as lessors. The report continued:
 

 An owner in possession or control of aircraft, either personally or through an agent, should be liable for damages caused. A security owner not in possession or control of the aircraft, however, should not be liable for such damages.
 
 This bill would make it clear that this generally accepted rule applies and assures the security owner or lessee (sic), that he would not be liable when he is not in possession or control of the aircraft.
 

 Id.
 
 (emphasis supplied.) We believe these statements show that Congress intended 49 U.S.C. section 1404 to shield an owner or lessor of a civil aircraft from vicarious liability under state law when the aircraft was not in its possession or control.
 

 The current statute was part of a broad recodification of the Federal Aviation Act in 1994. Pub. L. No. 108-272. Subsection l.(a) of that public law states that “ ‘[certain general and permanent laws of the United States, related to transportation, are revised, codified and enacted by sub
 
 *910
 
 sections (c)-(e) of this section
 
 without substantive change
 
 “49 U.S.C. s. 44112 replaced 49 U.S.C. s. 1404 by virtue of Section l.(e) of P.L. 103-272. Also, Section 6.(a) of P.L. 103-272 provides that Sections (1) through (4), including Section l.(e), ‘restate,
 
 without substantive change,
 
 laws enacted before July 1,1993, that were replaced by these sections. These sections
 
 may not be construed as making a substantive change
 
 in the laws replaced.’ ”
 
 Mangini v. Cessna Aircraft Co.,
 
 2005 WL 3624483 at *2, 40 Conn. L. Rptr. 470 (Conn.Super.Ct. Dec. 7, 2005) (not reported in A.2d) (quoting Pub. L. No. 103-272) (emphases supplied). Congress thus made clear that the substantive effect of 49 U.S.C. § 44112 is the same as its predecessor’s.
 

 Whether a federal statute preempts state law is a question of law. Federal preemption “may be either express or implied, and is compelled whether Congress’ command is explicitly stated in the statute’s language or implicitly contained in its structure and purpose.”
 
 Morales v. Trans World Airlines, Inc.,
 
 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (quoting
 
 FMC Corp. v. Holliday,
 
 498 U.S. 52, 56-57, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)).
 

 The federal statute at issue here does not expressly preempt state laws imposing vicarious liability on the owners or lessors of civil aircraft, hence the dispute before us. However, preemption is implied when there is a conflict between a federal law and a state law.
 
 Talbott v. Am. Isuzu Motors, Inc.,
 
 934 So.2d 643, 645 (Fla. 2d DCA 2006). There is a conflict between federal and state law when the dictates of both sets of laws cannot be complied with or where dual compliance may be technically possible but the state law creates an obstacle to fulfilling the federal policy and goals.
 
 Id.
 
 As reflected both in the language of 49 U.S.C. § 44112 and in the House Report accompanying the enactment of the statute’s predecessor, the policy and goal underlying the federal statute is to shield the owner or lessor of a civil aircraft from liability for the negligence of others committed when the aircraft was not in the owner’s or lessor’s possession or control. To apply Florida’s dangerous instrumentality law so as to impose vicarious liability on such an owner or lessor in such circumstances would, to say the least, create an obstacle to fulfilling that policy and goal.
 

 We recognize that the case authorities regarding the preemptive effect of this provision are far from consistent in either their conclusions or their reasoning.
 
 See Matei v. Cessna Aircraft Co.,
 
 35 F.3d 1142 (7th Cir.1994) (affirming unreported district court decision, 1990 WL 43351 (N.D.Ill. Mar. 30, 1990), and holding that liability under Illinois bailment law was preempted, but also discussing the fact that the state law would not have provided relief);
 
 Rogers v. Ray Gardner Flying Serv., Inc.,
 
 435 F.2d 1389 (5th Cir.1970) (noting that 49 U.S.C § 1404 “appears clearly and forthrightly to preempt any contrary state law which might subject holders of security interests to liability for injuries”);
 
 Esheva v. Siberia Airlines,
 
 499 F.Supp.2d 493, 499 n. 4 (S.D.N.Y.2007) (stating that a lessor of an aircraft is absolutely immune under 49 U.S.C. § 44112(b) from a claim based on vicarious liability);
 
 In re Lawrence W. Inlow Accident Litig.,
 
 2001 WL 331625 (S.D. Ind. Feb. 7, 2001) (unpublished decision) (finding preemption of state law on liability of lessors based on the language of 49 U.S.C. § 44112 itself, and on the congressional intent to preempt the Uniform Aeronautics Act as stated in House Report accompanying the enactment of 49 U.S.C. § 1404);
 
 Mangini v. Cessna Aircraft Co.,
 
 2005 WL 3624483, 40
 
 *911
 
 Conn. L. Rptr. 470 (Conn.Super.Ct. Dec. 7, 2005) (not reported in A.2d) (holding that 49 U.S.C. § 44112 applies to owners of aircraft and preempts state law that would hold owners vicariously liable in aircraft accidents);
 
 but see Coleman v. Windham Aviation, Inc.,
 
 2005 WL 1793907 (R.I.Super.Ct. Jul. 18, 2005) (unpublished decision) (holding that 49 U.S.C. § 44112 did not preempt state law imposing vicarious liability on an owner of an aircraft);
 
 Retzler v. Pratt & Whitney Co.,
 
 309 Ill.App.3d 906, 243 Ill.Dec. 313, 723 N.E.2d 345 (1999) (finding that the language of 49 U.S.C. § 1404 did not impliedly preempt state bailment law);
 
 Sexton v. Ryder Truck Rental, Inc.,
 
 413 Mich. 406, 320 N.W.2d 843 (1982);
 
 Storie v. Southfield Leasing, Inc.,
 
 90 Mich.App. 612, 282 N.W.2d 417 (1979),
 
 aff'd Sexton,
 
 320 N.W.2d 843 (both determining that 49 U.S.C. § 1404 did not preempt the Michigan aircraft ownership liability statute for damages that occurred inside the aircraft).
 

 We consider the cases finding preemption to be the better reasoned ones. We are not persuaded by the arguments against the preemptive force of 49 U.S.C. § 44112, nor do we find the cases so holding to be well reasoned. For example, in the Michigan cases cited above, the courts parsed the language in 49 U.S.C. § 1404, which shielded a lessor from liability for injury “on the surface of the earth,” to hold that the statute did not preempt state law liability for injuries that occurred inside an aircraft.
 
 Storie,
 
 282 N.W.2d at 421;
 
 see also Sexton,
 
 320 N.W.2d at 847 n. 2 (adopting Storie). But those cases do not explain why an airplane crash does not cause an injury on the surface of the earth regardless of whether the injured person was in the airplane or standing on the ground.
 

 The Rhode Island court in
 
 Coleman
 
 noted that the legislative history of 49 U.S.C. § 1404 indicates that the enactment was designed to facilitate the financing of aircraft, and the court posited that the statute was designed to protect owners and lessors only for security purposes. 2005 WL 1793907 at *5-*6 (quoting House Report 80-2091 for the proposition that “[t]he limitation with respect to leases of 30 days or more, in case of lessors of aircraft, was included for the purpose of confining the section to leases executed as a part of some arrangement for financing purchases of aircraft.”).
 

 But the statute actually at issue in
 
 Coleman
 
 was 49 U.S.C. § 44112, which, as shown by the previously-quoted portions of both statutes, is worded differently than 49 U.S.C. § 1404. The current statute plainly refers to “a lessor, owner, or secured party.” The
 
 Coleman
 
 court’s reason for ignoring that language was tortuous. Focusing on Congress’s declaration that the 1994 recodification of the federal aviation law did not substantively change chapter 49, and finding no reference to owners in the legislative history of the predecessor statute, the
 
 Coleman
 
 court concluded that 49 U.S.C. § 44112 does not apply to owners of aircraft notwithstanding its express language.
 

 The reasoning behind the
 
 Coleman
 
 court’s interpretation of 49 U.S.C. § 44112 was faulty in two respects. First, as the Connecticut court pointed out in
 
 Mangini,
 
 section 49 U.S.C. § 1404 did in fact refer to owners: “no lessor of any such aircraft under a bona fide lease of thirty days or more, shall be liable by reason ... of his interest as lessor or owner of the aircraft. ...” 2005 WL 3624483 at *2. Moreover, the
 
 Mangini
 
 court perceived that, in light of Congress’s admonition that the recodification of chapter 49 did not effect a substantive change in the law, the predecessor statute “was always designed to include the owners that 49 U.S.C. s. 44112
 
 *912
 
 so clearly and definitely describes.”
 
 Id.
 
 at *4. We agree.
 

 The
 
 Retzler
 
 court, in finding that 49 U.S.C. § 44112 did not preempt lessor liability, mistakenly focused on the general savings clause in the Aviation Act, 49 U.S.C. § 40120(c), which provides that “a remedy under this part is in addition to any other remedies provided by law.” (Emphasis supplied.)
 
 Retzler
 
 relied on
 
 Abdullah v. American Airlines,
 
 181 F.3d 368, 375 (3d Cir.1999), for the proposition that state remedies are foreclosed “where there is an irreconcilable conflict between the federal and state standards or where the imposition of a state standard in a damages action would frustrate the objectives of the federal law.”
 
 Retzler,
 
 243 Ill.Dec. 313, 723 N.E.2d at 352. Thus it ventured that the enactment of the savings clause demonstrated Congress’s belief that state remedies were compatible with Federal aviation law and that federal law, in general, did not preempt state remedies.
 
 Id.
 
 We do not disagree with the general proposition that Congress could not have intended to broadly abolish state damage remedies for injury or death connected with aviation accidents. But that proposition is simply irrelevant to the purpose of 49 U.S.C. § 44112, which is to shield
 
 specific
 
 parties from liability in
 
 specific
 
 circumstances, i.e., where a lessor, owner, or secured party is not in actual possession or control of the aircraft when another’s negligence causes injury. That purpose is in “irreconcilable conflict” with the Florida dangerous instrumentality doctrine, and as we previously discussed, results in an implied preemption of Florida state law in this circumstance.
 

 For the foregoing reasons, we conclude that 49 U.S.C. § 44112 preempts Florida’s dangerous instrumentality law insofar as that law would hold the owner or lessor of a civil aircraft liable for another’s negligence committed when the owner or lessor was not in actual possession or control of the aircraft.
 

 In reaching this conclusion, we distinguish
 
 Orefice,
 
 in which the Florida Supreme Court held that an airplane was a dangerous instrumentality and that the airplane’s co-owner could be held vicariously liable for the craft’s negligent operation. Although 49 U.S.C. § 1404 was in effect at that time, the
 
 Orefice
 
 court did not mention or discuss it. We can only surmise that the possible preemptive effect of the federal statute on the dangerous instrumentality law was not raised in either the supreme court or in the underlying case before the district court of appeal.
 
 See Orefice v. Albert,
 
 226 So.2d 15 (Fla. 3d DCA 1969). As such, the supreme court did not address the issue presented here.
 

 Moreover, the
 
 Orefice
 
 court’s ruling that the dangerous instrumentality law imposed vicarious liability on owners of aircraft was based in part on its observation that Chapter 330, Florida Statutes (1970), reflected “a specific policy by the State of Florida to license and otherwise see after aircraft safety.”
 
 Orefice,
 
 237 So.2d at 145. The Florida statutes addressing aircraft safety have since been repealed.
 
 Compare
 
 ch. 330, Fla. Stat. (1970),
 
 with
 
 ch. 330, Fla. Stat. (2004).
 

 The circuit court correctly determined that, under 49 U.S.C. § 44112, Aerolease cannot be held vicariously liable for the negligence of others committed when the aircraft was not in Aerolease’s possession or control. Accordingly, we affirm the partial summary judgment entered on that count of Vreeland’s complaint.
 

 Negligent Maintenance and Inspection
 

 Vreeland’s complaint also alleged that Aerolease negligently maintained and inspected the aircraft before it leased the plane. The partial summary judgment entered in Aerolease’s favor on all counts,
 
 *913
 
 including this one, referred only to the preemptive force of 49 U.S.C. § 44112.
 

 As discussed above, however, the purpose of the federal statute is to shield an owner or lessor from liability for the negligence of others committed when the aircraft is not in the owner’s or lessor’s possession or control. We have found no basis for attributing to the statute an intention to shield a party from having to answer for its own active negligence when the party has possession or control of the aircraft. As such, the application of state negligence law in such circumstances would in no way hinder the fulfillment of the federal statute’s purpose. For this reason, we conclude that 49 U.S.C. § 44112 does not preempt Florida negligence law insofar as Vreeland seeks to recover for Aerolease’s active negligence in maintaining and inspecting the airplane while it was in Aerolease’s possession or control. Therefore, we reverse the summary judgment on that count and remand for further proceedings. '
 

 Affirmed in part, reversed in part, and remanded.
 

 VILLANTI, J., and FULMER, CAROLYN K., Senior Judge, Concur.
 

 [1]
 

 . That statute, as amended in 1959, read:
 

 No person having a security interest in, or security title to, any civil aircraft, aircraft engine, or propeller under contract of conditional sale, equipment trust, chattel, or corporate mortgage, or other instrument of similar nature, and no reason of such interest or title, or by reason of his interest as lessor or owner of the aircraft, aircraft engine, or propeller so leased, for any injury to or death of persons, or damage to or loss of property, on the surface of the earth (whether on land or water) caused by such aircraft, aircraft engine, or propeller, or by the ascent, descent, or flight of such aircraft, aircraft engine, or propeller or by the dropping or falling of an object therefrom, unless such aircraft, aircraft engine, or propeller is in the actual possession or control of such person at the time of such injury, death, damage, or loss.
 

 49 U.S.C. § 1404 (1959). The 1959 amendment added aircraft propellers and engines to the original 1948 law, which only addressed the aircraft itself.
 
 See
 
 1959 U.S.C.C.A.N. 1762.