POLSTON, J.,
dissenting.
I agree with the Second District that federal law preempts the application of Florida’s dangerous instrumentality doctrine to Vreeland’s claim that Aerolease, as the owner of the aircraft, is vicariously liable for the pilot’s negligence. See Vreeland v. Ferrer, 28 So.3d 906, 912 (Fla. 2d DCA 2010).
The relevant portion of the Federal Aviation Act, 49 U.S.C. § 44112, provides as follows:
(b) Liability. — A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage on land or water only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of—
(1) the aircraft, engine, or propeller; or
(2) the flight of, or an object falling from, the aircraft, engine, or propeller.
Based upon the plain meaning of this language, “the federal statute [shields] the owner or lessor of a civil aircraft from liability for the negligence of others committed when the aircraft was not in the owner’s or lessor’s possession or control.” Vreeland, 28 So.3d at 910. Therefore, like the Second District, I believe federal law preempts Florida’s dangerous instrumentality doctrine here.
By narrowly construing the “on land or water” language of the statute, the majority holds that the federal statute only preempts Florida law when the loss of life occurs to someone on the ground beneath the aircraft. See majority op. at 80, 84. However, as the Second District noted, this reasoning does not “explain why an airplane crash does not cause an injury on the surface of the earth regardless of whether the injured person was in the airplane or standing on the ground.” Vreeland, 28 So.3d at 911. The majority’s assertion that the federal statute does not apply because “Martinez was not ‘on land or water’ at the time of the crash — he was a passenger inside the aircraft”[6] defies reality. Even though Martinez was in the aircraft when it hit land, his death occurred “on land,” not in the aircraft prior to contact with land. The majority’s view is *86 inconsistent with the plain meaning of the statute, specifically the plain meaning of “on land.”[7]
Therefore, I respectfully dissent.

. Majority op. at 80.

. See Carcieri v. Salazar, 555 U.S. 379, 129 S.Ct. 1058, 1063-64, 172 L.Ed.2d 791 (2009) ("[W]e must first determine whether the statutory text is plain and unambiguous. If it is, we must apply the statute according to its terms.”) (citations omitted); Caminetti v. United States, 242 U.S. 470, 485-86, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (explaining that "the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms” and explaining that "[statutory words are uniformly presumed, unless the contrary appears, to be used in their ordinary and usual sense, and with the meaning commonly attributed to them”); see also Davis v. Michigan Dep’t of Treasury, 489 U.S. 803, 808 n. 3, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute.”).